Mrs. Adina Provosty Marinoni, as widow in community of the decedent Ulysse Marinoni and as natural tutrix of her adopted minor child, Oliver Otis Provosty Marinoni, contends that the amount of fees charged by Wm. T. Nolan, testamentary executor, should be reduced by the sum of $750 and brings this action by way of opposition to the final account of the executor, for the purpose of having the deduction made.
Mrs. Marinoni's opposition was dismissed below and she has appealed.
On September 18, 1931, Wm. T. Nolan and the Canal Bank Trust Co. were confirmed as testamentary co-executors of the Succession of Ulysse Marinoni, Jr., by order of the Civil District Court. All securities belonging to the succession were ordered deposited with the Canal Bank Trust Co. (which was legally exempted from furnishing a bond) and Wm. T. Nolan was by special order of court also exempted from the necessity of furnishing security. On September 21, 1931, letters testamentary were issued to each of the co-executors. Both executors continued to function until May 20, 1933, when the Canal Bank Trust Company went into liquidation. However, the bank continued *Page 266 
to act as custodian of the property of the succession, though, of course, it did not and could not continue as co-executor. On April 4, 1935, the Canal Bank Trust Company in liquidation presented its bill against the Succession of Marinoni in the sum of $2,222.82. This amount was made up of several items as follows:
"Amount of Inventory ......................... $146,981.58
Executors' commission ........................ 3,674.54
One-half due Canal Bank Trust Company, as
 co-executor ................................................ $1837.27
5% commission on income collected from
 9/26/32 to 5/20/33 for Marinoni estate ..................... 240.17
 for Succession of U. Marinoni, Jr. ......................... 145.38
 --------
 $2222.82"

On January 22, 1936, Wm. T. Nolan, the surviving executor of the succession filed a petition in the mortuaria, in which he alleged:
"That the Canal Bank Trust Company served as co-executor herein from the opening of this succession until May 20th, 1933, when it was placed in liquidation, and your petitioner (the said Nolan, executor) has agreed with the liquidating agents thereof, subject to the approval of this Honorable Court, that the sum of seven hundred and fifty ($750.00) would be a proper allowance to said bank for its services as such co-executor, by way of compromise, and petitioner desires authority to make payment accordingly; * * *".
On February 5, 1936, a petition was filed in the liquidation proceedings of the Canal Bank Trust Company, by its liquidator, Mr. John F. Finke, in which it was alleged that "the executor of the Succession of Ulysse Marinoni, Jr., will pay to the Canal Bank Trust Company in liquidation, in legal currency the sum of $750.00 as Executor's fee" and authority was asked to accept this sum in compromise. Both petitions, as is customary, were sworn to by the petitioners and the necessary order granting authority of Court obtained. The Liquidators of the Bank, however, were dissatisfied with the form of the petition and order which Nolan had provoked authorizing the compromise and, in order to satisfy them, Wm. T. Nolan, executor, on February 7, 1936, again filed a sworn petition seeking authority to effect the compromise and this time it was couched in the same language as the petition and order obtained by the Liquidators of the Bank in the liquidation proceedings. There were also proceedings had of a like nature in the Succession of Mrs. Olga Marinoni, deceased wife of Wm. T. Nolan, the executor, and the residuary legatee of the decedent Ulysse Marinoni.
On the final account, as presented by the executor, he proposed to pay to himself the following items:
"William T. Nolan, Testamentary Executor, commission at 2 1/2% on inventory assets of which he has had seizin ............................................. $2618.98 William T. Nolan, commission at 5% on income collected during his gestion .................................. 2249.49"
Only the first item is opposed.
The commission allowed an executor, as stated in the Civil Code, is 2 1/2% calculated upon the appraised value of the property as shown by the inventory, deducting bad debts and non-productive property (Art. 1683) and "the commission shall be shared among the executors, if there be several, and if their functions are not divided by the testator. In this latter case, they shall be entitled to a commission on what has fallen to the administration of each respectively" (Art. 1685).
The contention of the executor is that he is entitled to the full fee of 2 1/2% without deduction of the sum paid the Canal Bank Trust Company because that amount "covered services rendered by them as keeper or custodian of securities" and not as an executor's commission.
The executor's position is untenable. He has repeatedly declared under oath, in judicial proceedings provoked by him for the purpose of obtaining authority to make the payment, that the sum of $750 was to be paid to the bank in compromise of its claim for services as co-executor. Moreover, it is difficult to understand how an executor can take the position that $750 was paid by him out of the funds of the succession in settlement of a claim which is not shown to have been made against the succession and without authority of the court so to do.
The judgment appealed from is, therefore, annulled, avoided and reversed, and *Page 267 
it is now ordered that the opposition be sustained, and, accordingly, it is ordered that William T. Nolan, executor, be and he is hereby directed to amend his final account so as to reduce the item of $2,618.98 appearing thereon as executor's commission by the sum of $750 or to $1,868.98, and that costs of these proceedings be borne by the said William T. Nolan.
Reversed.